# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-30790
Summary Calendar

LARRY J SYLVESTER

Plaintiff-Appellant

v.

BURL CAIN; NOBTS/SOUTHERN BAPTIST CONVENTION; DONALD BARR; UNKNOWN BRIGGS; WILLIAM CASSIDY; RONNIE CONSTANCE; JIMMY DUKES; LESLIE DUPONT; SERGEANT UNKNOWN GALLESPIE; WILLARD GAUTHIER; CHARLES KELLY; LAWRENCE KELLY; DAVY KELONE; BLAINE LACHNEY; PAUL MYERS; RHONDA NETTLES; DORA RABALAIS; TANYA RITCHIE; WILBERT ROBERTSON; JOHN ROBSON; RICHARD L STALDER; MERRITT THOMAS; ROBERT TONEY; DARREL VANNOY; ERNEST WILLIAMS

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-572

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Larry J. Sylvester, Louisiana prisoner # 78014, appeals the district court's dismissal of his civil rights complaint, in which he alleged claims of involuntary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

job reclassification, involuntary housing transfer, and improper, retaliatory punishment. After reviewing Sylvester's complaint, the district court ordered the Louisiana Department of Public Safety and Corrections to file a certified copy of administrative remedy proceedings conducted with respect to Sylvester's claims. Thereafter, the magistrate judge issued a report and recommendation finding that Sylvester had exhausted his administrative remedies with respect to some of his claims, but that others should be dismissed without prejudice for failure to exhaust. The district court adopted the magistrate judge's report and recommendation. Subsequently, some defendants filed a motion to dismiss based on qualified immunity, and Sylvester and some defendants filed motions for partial summary judgment with respect to exhaustion of administrative remedies. The district court dismissed Sylvester's entire complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, denied as moot the parties' cross-motions for partial summary judgment, and dismissed without prejudice Sylvester's state law claims. This court reviews the district court's dismissal of Sylvester's complaint de novo. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Sylvester asserts that the district court erred in concluding that the moving defendants-appellees were entitled to qualified immunity with respect to Sylvester's First Amendment claims. In support of his argument, Sylvester asks this court to reference his district court pleadings. Sylvester also makes various conclusory allegations regarding the defendants-appellees' discriminatory and retaliatory treatment of him. Sylvester's conclusional allegations are insufficient to defeat the defendants-appellees entitlement to qualified immunity. *See Thompson v. City of Starkville, Miss.*, 901 F.3d 456, 469 n. 13 (5th Cir. 1990). Furthermore, although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Sylvester may not incorporate by reference the

arguments that he made in his district court pleadings. *See Yohey*, 985 F.2d at 224-25.

Sylvester asserts that the district court violated the principles announced in *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1083 (5th Cir. 1991) when it dismissed his lawsuit without reviewing the prison's religious accommodation regulations. Sylvester did not make this argument in the district court. This court does not consider claims raised for the first time on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Sylvester asserts that the prison's regulations entitled him to procedural due process when the prison officials changed his job and housing classification. In order to demonstrate a procedural due process violation, Sylvester must first identify a constitutionally protected liberty or property interest. *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Sylvester argues that he had a protected liberty interest in the "classification and religious accommodation regulations," and that the prison violated that interest when it denied him the opportunity to be heard with respect to his job and housing reclassification. Sylvester's allegations do not implicate a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1991) (holding that prison inmates do not have a protectable liberty or property interest in custodial classification); *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989) (holding that prison inmates have no constitutionally protected liberty interest in their job assignments). Furthermore, with respect to Sylvester's claim that the defendants-appellees did not follow their procedures regarding his reclassification hearing, his claim is not cognizable since violations of state law and prison regulations, without more, do not state a viable constitutional claim under § 1983. *See Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Sylvester asserts that the district court erred in dismissing his religious retaliation claim. Sylvester argues that he was retaliated against on the basis of his religion when he filed a grievance regarding his reclassification and when he was disciplined by the prison. Prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* In his appellate brief, Sylvester admits that he refused to comply with the prison's orders regarding his reclassification. Thus, Sylvester's conduct, standing alone, supports the disciplinary charge levied against him. Sylvester then contends that his refusal to comply "substantially motivated" the disciplinary action taken against him. Accordingly, Sylvester has not established that "but for" the alleged retaliatory motive of the defendants, he would not have been disciplined.

Sylvester asserts that the district court erred in concluding that he had failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) with respect to his claims that the moving defendants-appellees (1) discriminated against him on the basis of his religion; (2) allowed other inmates to refuse participation in faith-based programs; (3) engaged in the generalized denial of equal protection; (4) retaliated against him on the basis of his religion; (5) acted with deliberate indifference to his medical needs; (6) violated the Separation of Church and State Clause; and (7) violated the Establishment Clause. Exhaustion is mandatory, and since § 1997e was amended, this court has "taken a strict approach to the exhaustion requirement." *Days v. Johnson*, 322 F.3d 863, 865-66 (5th Cir. 2003), overruled by implication on other grounds by *Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007). Contrary to his assertion, the district court concluded that Sylvester had exhausted his administrative remedies relative to his claims that the defendants-appellees (1) discriminated against

him on the basis of his religion; (2) allowed other inmates to refuse participation in faith-based programs; (3) retaliated against him on the basis of his religion; (4) violated the Separation of Church and State Clause; and (5) violated the Establishment Clause. With respect to his equal protection argument, Sylvester refers this court to his district court pleadings, suggesting that such pleadings prove that similarly situated individuals were treated differently from him. Sylvester may not incorporate by reference the arguments that he made in his district court petition. *Yohey*, 985 F.2d at 224-25. Because Sylvester has failed to brief this claim, it is deemed abandoned. *See Hughes*, 191 F.3d at 613. Finally, with respect to his deliberate indifference claim, the record reflects that Sylvester failed to exhaust his administrative remedies as mandated by § 1997e.

Sylvester asserts that the district court erred in refusing to consider his claims arising under the Religious Land Use and Institutionalized Persons Act. Sylvester did not make this argument in the district court. This court does not consider claims raised for the first time on appeal. *Stewart Glass & Mirror*, 200 F.3d at 316-17.

Sylvester asserts that he was denied access to the courts because he was denied access to an adequate law library and had to rely on various legal aid programs. Sylvester did not make this argument in the district court. This court does not consider claims raised for the first time on appeal. *Id.*

Sylvester asserts that the district court erred in failing to rule on his cross-motion for summary judgment, in which he argued exhaustion of administrative remedies. Sylvester's argument is without merit as the record reflects that the district court dismissed as moot Sylvester's motion.

Sylvester asserts that the district court erred in denying his motions for default judgment. This court reviews a district court's "administrative handling of a case, including its enforcement of the local rules and its own scheduling orders[,] for abuse of discretion." *Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). The record reflects that the district court did not abuse its

discretion with respect to Sylvester's motions for default judgment. Sylvester has established no grounds upon which a default judgment against the defendants would have been appropriate when Sylvester filed his motions.

Sylvester asserts that the district court erred in denying his motion to compel the defendants-appellees to follow their administrative remedy procedures, arguing that he had a liberty interest in the grievance process. Sylvester's allegations do not implicate a protected liberty interest. *See Sandin*, 515 U.S. at 484.

Finally, Sylvester asserts that the defendants-appellees' reclassification of him was unconstitutional. Sylvester also asserts that the district court erred when it refused to grant his request for injunctive relief. Because Sylvester has failed to brief these claims, they are deemed abandoned. *See Yohey*, 985 F.2d at 244-45; *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Sylvester has also filed a motion for leave to file a supplemental brief, arguing that the district court should have invoked its jurisdiction over his state law claims. The district court declined to do so because it had dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367. Sylvester has failed to establish in his motion that the district court erred in refusing to invoke its jurisdiction.

The district court's dismissal of Sylvester § 1983 suit for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Sylvester is warned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

The judgment of the lower court is AFFIRMED. Sylvester's motion for leave to file a supplemental brief is DENIED. SANCTION WARNING ISSUED.